# Exhibit B

**THE WHITE HOUSE**

WASHINGTON, D.C.

September 13, 2019

MEMORANDUM FOR AMBASSADOR JOHN R. BOLTON, ASSISTANT TO THE
PRESIDENT FOR NATIONAL SECURITY AFFAIRS (NATIONAL SECURITY ADVISOR)

FROM:  SCOTT GAST, SENIOR COUNSEL TO THE PRESIDENT

SUBJECT:  POST-EMPLOYMENT OBLIGATIONS

This memo provides an overview of the Executive Branch post-employment restrictions that our
office discussed with you prior to your departure from the White House. As a former Assistant to
the President, you are covered by certain post-employment restrictions under both the criminal
law, 18 U.S.C. § 207, and the Ethics Pledge you signed under Executive Order 13770. As a
commissioned officer, you are also required to file a termination financial disclosure report
within 30 days of leaving Government service.

These restrictions limit: the appearances and communications that you may make on behalf of a
third party back to the federal government; certain other types of assistance that you may provide
to third parties; and your profit-sharing with a future employer who did business with the
government during your tenure here.  The purpose behind the restrictions is threefold:  to prevent
you from "switching sides" on a matter in which you were involved when you worked in the
Executive Office of the President (EOP); to provide a "cooling off" period in which you may not
seek official action on behalf of a third party from EOP and other federal officials on any matter;
and to preclude you from sharing in certain profits that your new employer may have received in
connection with a matter that was pending before the government during your White House
tenure.

Many of the post-employment restrictions carry criminal penalties, so please review the entire
memorandum carefully, sign the last page where indicated, and provide a copy of the signature
page to Counsel's Office.  Our office remains available to answer any questions you may have
about any post-employment restrictions.

## I.    SUMMARY AND ANALYSIS OF CRIMINAL POST-EMPLOYMENT RULES

As a former Executive Branch official, you are subject to two criminal statutes that limit your
post-employment activities.  Generally, 18 U.S.C. § 207 limits your ability, depending on the
circumstances, to communicate to or appear before many federal officials, both within and
outside EOP, and 18 U.S.C. § 203 prohibits you from receiving compensation for any
representational services that were provided by a former employer in which the United States
was a party or had a direct and substantial interest during the time that you were a government
employee.  You are also subject to post-employment restrictions included in the Ethics Pledge
(Executive Order 13770).

## A. The Lifetime Ban on "Switching Sides": 18 U.S.C. § 207(a)(l)

This lifetime ban aims to prevent Executive Branch employees who have participated in particular matters from later "switching sides" and representing someone else on the same matter before the United States. Under 18 U.S.C. § 207(a)(l ), you are prohibited from communicating with, or appearing before, any employee of the United States, with the intent to influence that employee on behalf of another person (other than yourself), on any particular matter involving specific parties in which you "personally" and "substantially" participated at any time during your White House employment. This is a permanent restriction commencing upon your termination from government service and lasting for the lifetime of all such particular matters as they existed during your tenure.

- For purposes of this rule, an "employee of the United States" includes the President as well as any current officer or employee of any department, agency (including a government corporation), court or court-martial of the United States or the District of Columbia. It does not, however, include a member of Congress.

- A communication or appearance can be formal or informal, and includes telephone calls and emails.

- A "particular matter involving a specific party or parties" is a fairly case-specific restriction that "typically involves a specific proceeding affecting the legal rights of the parties or an isolatable transaction or related set of transactions between identified parties, such as a specific contract, grant, license, product approval application, enforcement action, administrative adjudication, or court case." 5 C.F.R. § 2641.201(h)(l). It does not include rulemaking, legislation, or policy-making unless it focuses narrowly on identified parties. *See* 5 C.F.R. § 2641.201(h)(2).

- To "participate" means to take action as an employee through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or other such action, or to purposefully forbear in order to affect the outcome of a matter. An employee does not participate in a matter merely because he had knowledge of its existence or because it was pending under his official responsibility. A government employee participates "personally" even when he merely directs a subordinate's participation. He participates "substantially" if his involvement is "of significance" to the matter. Thus, while a series of peripheral involvements may be insubstantial, participation in a single critical step may be substantial. *See* 5 C.F.R. § 2641.201(i).

## B. Two-Year Ban on Matters Pending Under an Employee's Official Responsibility: 18 U.S.C. § 207(a)(2)

This two-year ban covers the same types of representational contacts as Section 207(a)(l), except that it extends to all matters involving a specific party or parties that were pending under the government employee's "official responsibility" during his last year of service-not only those in which he participated personally and substantially. An employee has "official responsibility" over a particular matter when he has "direct administrative or operating authority, whether

intermediate or final," to approve, disapprove, or otherwise direct governmental action, including when he delegates his authority to others. 5 C.F.R. § 2641.202(j)(1).

## C. The One-Year Ban on Participating in Ongoing Trade or Treaty Negotiations: 18 U.S.C. § 207(b)

For one year from the date you terminate Government service, you may not knowingly represent, aid, or advise any other person concerning any ongoing trade or treaty negotiation in which, during your last year of Government service, you participated personally and substantially as an employee, on the basis of covered information.

The definition of "covered information" is any information which you know or should have known were designated as exempt from release under the Freedom of Information Act. A "Trade Negotiation" refers only to those ongoing trade negotiations that the President determines to undertake pursuant to section 1102 of the Omnibus Trade and Competitiveness Act of 1988 (19 U.S.C. § 2902). That authority has lapsed. A "treaty" is an international agreement made by the President that requires the advice and consent of the Senate. A negotiation on a treaty commences to be "ongoing" at the point when both (1) the determination has been made by a competent authority that the outcome of a negotiation will be a treaty, and (2) discussions with a foreign government have begun on a text.

It is important to note that even if a post-employment activity is not prohibited by section 207(b), the negotiation may nevertheless have had specific parties identified to it, thus triggering the lifetime restriction set forth in section 207(a)(1).

## D. Communicating with Former Colleagues and Other Government Officials: Two-Year "Cooling Off" Period for Very Senior Employees: 18 U.S.C. § 207(d)

As an Assistant to the President you are considered a "Very Senior Employee" for purposes of the criminal post-employment laws. *See* 18 U.S.C. § 207(d)(1)(C).

For two years after leaving the White House, it is a crime for you to communicate to, or appear before, any EOP employee (including the President) and certain other high-level government officials not in EOP (see Attachment A) (collectively, "covered employees"), if the communication or appearance is made on behalf of another person and is intended to influence official action on any matter.

For purposes of this prohibition, the EOP includes all components (WHO, OVP, EXR, NSC, OA, OMB, ONDCP, OSTP, PIAB, USTR, CEA, CEQ). As you'll see from Attachment A, the prohibition also extends to communications with Cabinet officials and high-level officials in most Executive Branch agencies.

This restriction is broader than the others in Section 207 as it applies to any matter on which official action is sought, *regardless* of whether you worked on the matter or whether it was pending before you, or whether it involves specific parties. Notably, like Sections 207(a)(l) and (a)(2), the restriction does not apply to your communications to or appearances before Members of Congress.

3

- Representation.  Like the restrictions in Section 207(a)(l) and (a)(2), § 207(d) prohibits only representational communications and appearances – i.e., only those made on behalf of someone else. It does not limit your ability to talk to the President or any of your friends and colleagues in government on your own behalf or in your personal capacity on any topic.

  You communicate or appear on behalf of another when you act as the other person/company's agent, or if you act with the express or implied consent of the person/company and subject to some degree of control or direction by the person/company in relation to the communication or appearance.  5 C.F.R. § 2641.201(g)(1 )(i). An "appearance" extends to mere physical presence (i.e., non-speaking) at a meeting when the circumstances make it clear that attendance is intended to influence the United States. *Id.* at § 2641.201(e)(4).

  You do not act on behalf of another merely because your communication or appearance is consistent with the interests of another person/company, is in support of another person/company, or may cause another person/company to derive some benefit as a consequence of your activity. *Id.* at §2641.201(g)(l)(ii).

- Behind the Scenes Assistance. Section 207(d) does not restrict your "behind-the-scenes" assistance to your employer; it only prohibits your oral and written communications to or physical appearances before the designated government employees. *Id.* at § 2641.201(d)(l)-(3). Note, however, that "behind-the-scenes" assistance does not include communications conveyed by another that are intended to be attributed to you, even if you are not recognized as the source of the information. *See id.* at § 2641.201(d)(l).

- Matter.  A "matter" includes not only those involving specific parties (as above), but also "the consideration or adoption of broad policy options that are directed to the interests of a large and diverse group of persons."  5 C.F.R. § 2641.205(i)(2)(ii).  Further, the definition includes "new matters" (i.e., it is not limited to matters previously pending or of interest to the White House), as well as matters currently "pending at any other agency in the executive branch, an independent agency, the legislative branch, or the judicial branch." *Id.* at § 2641.204(i)(2)(iii - iv).

- Intent to influence official action.  To commit a § 207(d) crime, a former employee must, in making his representational communication or appearance, "seek[] official action" with an "intent to influence."  An employee "seeks official action" if his communication aims to induce a current employee to make a decision or otherwise act "in his official capacity." *See* 5 C.F.R. § 2641.204(i)(l).

  A communication or appearance is made with an "intent to influence" when it is made for the purpose of "[s]eeking a Government ruling, benefit, approval, or other discretionary Government action," or "[a]ffecting Government action in connection with an issue or aspect of a matter which involves an appreciable element of actual or potential dispute or controversy."  5 C.F.R. § 2641.201(e)(l).

4

If, over the next two years, a question arises about a particular circumstance, feel free to contact us for fact-specific guidance.

## Exceptions to 207(d)

As noted, 18 U.S.C. § 207(d) does not restrict contacts made on your own behalf, contacts where you are not seeking official action, or contacts of a purely personal nature.

Additionally, there are several statutory exceptions to the prohibitions of § 207(d) that permit you to represent another person before covered employees on official matters during your two-year cooling off period. *See* 18 U.S.C. § 207(d); 5 C.F.R. § 2641.301. While these other exceptions do not appear immediately relevant to your new position, we note them briefly for your awareness.

First, none of the restrictions apply to representational activities that you may perform on behalf of the United States or the District of Columbia or as an elected official of a State or local government. 18 U.S.C. § 207(a)(1), 207(j)(l)(A). There is also an exception for certain acts that you may perform on behalf of tribal governments. *See id.* at § 207(j)(1)(B).

Second, additional exceptions apply for the provision of testimony, the provision of scientific or technological information under certain circumstances, and the provision of information about which the former employee has special knowledge when no compensation is received, id. at §§ 207(j)(4)-(6), but you should consult with Counsel's Office before attempting to rely on any of these exceptions.

Third, the restrictions on communications with White House or other senior administration officials will not apply to you if you become exclusively employed by certain purely political entities (i.e., a candidate in his capacity as a candidate for Federal or State office; an authorized committee; a national committee; a national Federal campaign committee; a State committee; or a political party) or a person or entity that exclusively represents, aids, or advises only such political entities. *See* 18 U.S.C. § 207(j)(7); 5 C.F.R. § 2641.301(g). This exception is not available to you if you are employed by a firm that represents both political entities and private industry clients. *This exception does not apply to political action committees (PACs) or super PACs or any other political entity (such as a social welfare organization engaged in political activity).*

### E. Criminal Restrictions Relating to Foreign Entities:  18 U.S.C. § 207(f)

For one year from the date of your departure from the EOP as a "Very Senior Employee," you may not represent *or aid or advise* a government of a foreign country or a foreign political party with the intent to influence an agency or department of the United States, *including Members of Congress and the legislative branch.* A foreign commercial corporation is not generally covered under § 207(f) unless it exercises the functions of a sovereign. Please note that, unlike the other provisions we have discussed, Section 207(f) goes beyond representational activities and extends to providing any assistance to an instrumentality of a foreign government. This provision would thus bar a former "Very Senior Employee" for one year from providing a covered foreign entity with such "behind-the-scenes" assistance as, for example, drafting a proposed communication to

a U.S. agency, advising on an appearance before Congress, or consulting on other strategies designed to persuade departmental or agency decision-makers to take action.

## F. Restriction on Compensation for Representational Services Provided by Another: 18 U.S.C. § 203

It is a crime for you to receive compensation for representational services rendered by another on particular matters in which the United States was a party or had a direct and substantial interest during the time that you were a government employee. Section 203 does not apply to a fixed salary. Nor would Section 203 apply to payments that are fixed or based on your personal job performance, your seniority, or your position. *See* OGE Opinion 99x24 (Dec. 14, 1999), *Receipt for Compensation for Representational Services under 18 U.S.C. § 203* (summarizing prior opinions).

If, in the future, your compensation involves equity participation (i.e., profit-sharing, bonuses, or other compensation tied to the company's actual profits from its representational services before the government), you may not receive or accept compensation for any representational services rendered at any time by a future employer on particular matters that were pending before any United States department, agency, court, officer, or commission during your tenure at EOP.

If the Section 203 prohibition is implicated in the future and you need further guidance, please feel free to contact us.

## II.    EXECUTIVE ORDER 13770, ETHICS PLEDGE PROHIBITIONS

As a Trump Administration appointee you were required to sign the "Ethics Pledge" set forth in section 1 of Executive Order 13770. Under the Pledge, you have agreed to certain restrictions after you leave your appointee position. Violation of any of these provisions may result in your debarment from the EOP, or civil judicial proceedings for declaratory, injunctive, or monetary relief, including the establishment of a constructive trust and the requirement that you pay all money or things of value received by, or payable to, you as a result of your breach.

### A. 5-Year Ban on Lobbying Former Agency

For five years from the date on which an appointee leaves an appointee position, he or she is precluded from engaging in lobbying activities, as that term is defined in the Lobbying Disclosure Act and Exec. Ord. 13770, with respect to any EOP component (WHO, OVP, EXR, NSC, OA, OMB, ONDCP, OSTP, PIAB, USTR, CEA, CEQ).

OGE has determined that for purposes of this provision, lobbying activities are deemed to be carried out "with respect to" an agency only to the extent that they involve the following:

   1. Any oral or written communication to a covered executive branch official of that agency; or

   2. Efforts that are intended, at the time of performance, to support a covered lobbying contact to a covered executive branch official of that agency.

### B. Administration-Long Ban on Lobbying Covered Non-Career Officials

Upon terminating government service, you are precluded from engaging in lobbying activities with respect to any covered executive branch official or non-career Senior Executive Service appointee in any agency of the Executive Branch or any component of the EOP for the remainder of the Trump Administration. "Covered executive branch official" includes those positions listed in Attachment A.

OGE has determined that for purposes of this provision, lobbying activities are deemed to be carried out "with respect to" covered executive branch official or non-career Senior Executive Service appointee only to the extent that they involve the following:

> 1. Any oral or written communication to a covered executive branch official or non-career Senior Executive Service appointee; or

> 2. Efforts that are intended, at the time of performance, to support a covered lobbying contact to a covered executive branch official or non-career Senior Executive Service appointee of that agency.

### C. Permanent Ban on Acting as an Agent of a Foreign Entity

Upon terminating government service, you are permanently prohibited from engaging in any activity on behalf of any foreign government or foreign political party which would require you to register under the Foreign Agents Registration Act of 1938, as amended.

## III.   NONPUBLIC INFORMATION AND SPEAKING ENGAGEMENTS

### A. Use of Nonpublic Information

You are prohibited from disclosing any classified or confidential information. 18 U.S.C. § 1905; 18 U.S.C. § 798; Executive Order 13526.

You also may not use or disclose nonpublic information in any post-employment teaching, speaking or writing. Nonpublic information is information gained by reason of your federal employment and that you know or should know has not been made available to the general public. *See* 5 C.F.R. § 2635.703(b). Nonpublic information includes information that (1) is exempt from disclosure by statute, Executive Order or regulations; (2) is designated as confidential or classified; or (3) has not been disseminated to the general public and isnot authorized to be made available to the public upon request. *Id.* This limitation does not restrict your ability to teach, speak or write on a subject within your area of expertise based on publicly available information, your educational background or your personal experiences, even if that teaching, speaking or writing deals generally with a subject related to your former area of responsibility.

### B. Public Speaking and Media Appearances

None of the post-employment rules prohibits you from teaching, speaking publicly, or making media appearances, provided that your activity does not otherwise run afoul of the

representational prohibitions under Section 207 (i.e., you aren't communicating to or appearing before a covered official, on behalf of someone else, with the intent to influence official action) or the restrictions on the disclosure of nonpublic information. If you decide to address a public gathering during your two-year cooling-off period, OGE regulations provide the following guidance:

- The forum must not be sponsored or co-sponsored by EOP;
- A large number of people must attend the event; and
- A significant portion of attendees must not be EOP employees.

*See* 5 C.F.R. § 2641.204(g)(4). If these criteria are met, you may engage in exchanges with any other speaker or with any member of the audience. You may also permit the publication of your statements and opinions in a newspaper, periodical, or similar widely available publication.

## IV.    TERMINATION FINANCIAL DISCLOSURE REQUIREMENT

You are required to file a termination Public Financial Disclosure Report (OGE 278) with the White House Counsel within 30 days of your departure. The form will be sent to your *Integrity.gov* account. To ensure that we can reach you, you are required to provide a personal email address to the White House Counsel's Office before you leave. Similarly, it is your responsibility to reach out to the White House Counsel's Office to ensure that you can access the form in the event of technical issues. Your form will be forwarded to the Office of Government Ethics for final certification, as required by 5 C.F.R. § 2634.602(c)(1)(5).

Failure to file your form timely can result in a late filing penalty and may lead to civil or criminal prosecution. 5 U.S.C. app § 104.

## V.    FOR FURTHER INFORMATION

The White House Counsel's Office has a continuing obligation to provide you with post-employment advice, even after you leave government service. Please feel free to contact us if you have a question about how the post-employment rules might apply to a specific situation, please feel free to contact Scott Gast, 202-456-█ (███████@who.eop.gov) or David Jones, 202-456-█ (███████@who.eop.gov) in the Office of the White House Counsel.

ACKNOWLEDGMENT OF RECEIPT

SIGNATURE: _____ *JLR Betto*_____

DATE: _____ 9/13/19_____

PERSONAL EMAIL ADDRESS: ███████████████

8

**ATTACHMENT A**

**Executive Schedule Positons listed in 5 U.S.C. §§ 5312-5316 (as of March 30, 2017)**

**(No Contact List for 18 U.S.C. § 207(d))**

**Executive Schedule 1 (5 U.S.C. § 5312)**

Secretary of State.

Secretary of the Treasury.

Secretary of Defense.

Attorney General.

Secretary of the Interior.

Secretary of Agriculture.

Secretary of Commerce.

Secretary of Labor.

Secretary of Health and Human Services.

Secretary of Housing and Urban Development.

Secretary of Transportation.

United States Trade Representative.

Secretary of Energy.

Secretary of Education.

Secretary of Veterans Affairs.

Secretary of Homeland Security.

Director of the Office of Management and Budget.

Commissioner of Social Security, Social Security Administration.

Director of National Drug Control Policy.

Chairman, Board of Governors of the Federal Reserve System.

Director of National Intelligence.

**Executive Schedule II (5 U.S.C. § 5313)**

Deputy Secretary of Defense.

Deputy Secretary of State.

Deputy Secretary of State for Management and Resources.

Administrator, Agency for International Development.

Administrator of the National Aeronautics and Space Administration.

Deputy Secretary of Veterans Affairs.

Deputy Secretary of Homeland Security.

Under Secretary of Homeland Security for Management.

Deputy Secretary of the Treasury.

Deputy Secretary of Transportation.

Chairman, Nuclear Regulatory Commission.

Chairman, Council of Economic Advisers.

Director of the Office of Science and Technology.

Director of the Central Intelligence Agency.

Secretary of the Air Force.

Secretary of the Army.

Secretary of the Navy.

Administrator, Federal Aviation Administration.

Director of the National Science Foundation.

Deputy Attorney General.

Deputy Secretary of Energy.

Deputy Secretary of Agriculture.

Director of the Office of Personnel Management.

Administrator, Federal Highway Administration.

Administrator of the Environmental Protection Agency.

Under Secretary of Defense for Acquisition, Technology, and Logistics.

Deputy Secretary of Labor.

Deputy Director of the Office of Management and Budget.

Independent Members, Thrift Depositor Protection Oversight Board.

Deputy Secretary of Health and Human Services.

Deputy Secretary of the Interior.

Deputy Secretary of Education.

Deputy Secretary of Housing and Urban Development.

Deputy Director for Management, Office of Management and Budget.

Director of the Federal Housing Finance Agency.

Deputy Commissioner of Social Security, Social Security Administration.

Administrator of the Community Development Financial Institutions Fund.

Deputy Director of National Drug Control Policy.

Members, Board of Governors of the Federal Reserve System.

Under Secretary of Transportation for Policy.

Chief Executive Officer, Millennium Challenge Corporation.

Principal Deputy Director of National Intelligence.

Director of the National Counterterrorism Center.

Director of the National Counter Proliferation Center.

Administrator of the Federal Emergency Management Agency.

Federal Transit Administrator.

## Executive Schedule III (5 U.S.C. § 5314)

Solicitor General of the United States.

Under Secretary of Commerce, Under Secretary of Commerce for Economic Affairs, Under Secretary of Commerce for Export Administration, and Under Secretary of Commerce for Travel and Tourism.

Under Secretaries of State (6).

Under Secretaries of the Treasury (3).

Administrator of General Services.

Administrator of the Small Business Administration.

Deputy Administrator, Agency for International Development.

Chairman of the Merit Systems Protection Board.

Chairman, Federal Communications Commission.

Chairman, Board of Directors, Federal Deposit Insurance Corporation.

Chairman, Federal Energy Regulatory Commission.

Chairman, Federal Trade Commission.

Chairman, Surface Transportation Board.

Chairman, National Labor Relations Board.

Chairman, Securities and Exchange Commission.

Chairman, National Mediation Board.

Chairman, Railroad Retirement Board.

Chairman, Federal Maritime Commission.

Comptroller of the Currency.

Commissioner of Internal Revenue.

Under Secretary of Defense for Policy.

Under Secretary of Defense (Comptroller).

Under Secretary of Defense for Personnel and Readiness.

Under Secretary of Defense for Intelligence.

Deputy Chief Management Officer of the Department of Defense.

Under Secretary of the Air Force.

Under Secretary of the Army.

Under Secretary of the Navy.

Deputy Administrator of the National Aeronautics and Space Administration.

Deputy Director of the Central Intelligence Agency.

Director of the Office of Emergency Planning.

Director of the Peace Corps.

Deputy Director, National Science Foundation.

President of the Export-Import Bank of Washington.

Members, Nuclear Regulatory Commission.

Members, Defense Nuclear Facilities Safety Board.

Director of the Federal Bureau of Investigation, Department of Justice.

Administrator of the National Highway Traffic Safety Administration.

Administrator of the Federal Motor Carrier Safety Administration.

Administrator, Federal Railroad Administration.

Chairman, National Transportation Safety Board.

Chairman of the National Endowment for the Arts the incumbent of which also serves as Chairman of the National Council on the Arts.

Chairman of the National Endowment for the Humanities.

Director of the Federal Mediation and Conciliation Service.

President, Overseas Private Investment Corporation.

Chairman, Postal Regulatory Commission.

Chairman, Occupational Safety and Health Review Commission.

Governor of the Farm Credit Administration.

Chairman, Equal Employment Opportunity Commission.

Chairman, Consumer Product Safety Commission.

Under Secretaries of Energy (3).

Chairman, Commodity Futures Trading Commission.

Deputy United States Trade Representatives (3).

Chief Agricultural Negotiator, Office of the United States Trade Representative.

Chief Innovation and Intellectual Property Negotiator, Office of the United States Trade Representative.

Chairman, United States International Trade Commission.

Under Secretary of Commerce for Oceans and Atmosphere, the incumbent of which also serves as Administrator of the National Oceanic and Atmospheric Administration.

Under Secretary of Commerce for Standards and Technology, who also serves as Director of the National Institute of Standards and Technology.

Associate Attorney General.

Chairman, Federal Mine Safety and Health Review Commission.

Chairman, National Credit Union Administration Board.

Deputy Director of the Office of Personnel Management.

Under Secretary of Agriculture for Farm and Foreign Agricultural Services.

Under Secretary of Agriculture for Food, Nutrition, and Consumer Services.

Under Secretary of Agriculture for Natural Resources and Environment.

Under Secretary of Agriculture for Research, Education, and Economics.

Under Secretary of Agriculture for Food Safety.

Under Secretary of Agriculture for Marketing and Regulatory Programs.

Director, Institute for Scientific and Technological Cooperation.

Under Secretary of Agriculture for Rural Development.

Administrator, Maritime Administration.

Executive Director Property Review Board.

Deputy Administrator of the Environmental Protection Agency.

Archivist of the United States.

Executive Director, Federal Retirement Thrift Investment Board.

Principal Deputy Under Secretary of Defense for Acquisition, Technology, and Logistics.

Director, Trade and Development Agency.

Under Secretary for Health, Department of Veterans Affairs.

Under Secretary for Benefits, Department of Veterans Affairs.

Under Secretary for Memorial Affairs, Department of Veterans Affairs.

Under Secretaries, Department of Homeland Security.

Director of the Bureau of Citizenship and Immigration Services.

Director of the Office of Government Ethics.

Administrator for Federal Procurement Policy.

Administrator, Office of Information and Regulatory Affairs, Office of Management and Budget.

Director of the Office of Thrift Supervision.

Chairperson of the Federal Housing Finance Board.

Executive Secretary, National Space Council.

Controller, Office of Federal Financial Management, Office of Management and Budget.

Administrator, Office of the Assistant Secretary for Research and Technology of the Department of Transportation.

Deputy Director for Demand Reduction, Office of National Drug Control Policy.

Deputy Director for Supply Reduction, Office of National Drug Control Policy.

Deputy Director for State and Local Affairs, Office of National Drug Control Policy.

Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.

Register of Copyrights.

Commissioner of U.S. Customs and Border Protection, Department of Homeland Security.

Under Secretary of Education.

Administrator of the Centers for Medicare & Medicaid Services.

Administrator of the Office of Electronic Government.

Administrator, Pipeline and Hazardous Materials Safety Administration.

Director, Pension Benefit Guaranty Corporation.

Deputy Administrators, Federal Emergency Management Agency.

Chief Executive Officer, International Clean Energy Foundation.

Independent Member of the Financial Stability Oversight Council (1).

Director of the Office of Financial Research.

### Executive Schedule IV (5 U.S.C. § 5315)

Deputy Administrator of General Services.

Associate Administrator of the National Aeronautics and Space Administration.

Assistant Administrators, Agency for International Development (6).

Regional Assistant Administrators, Agency for International Development (4).

Assistant Secretaries of Agriculture (3).

Assistant Secretaries of Commerce (11).

Assistant Secretaries of Defense (14).

Assistant Secretaries of the Air Force (4).

Assistant Secretaries of the Army (5).

Assistant Secretaries of the Navy (4).

Assistant Secretaries of Health and Human Services (6).

Assistant Secretaries of the Interior (6).

Assistant Attorneys General (11).

Assistant Secretaries of Labor (10), one of whom shall be the Assistant Secretary of Labor for Veterans' Employment and Training.

Administrator, Wage and Hour Division, Department of Labor.

Assistant Secretaries of State (24) and 4 other State Department officials to be appointed by the President, by and with the advice and consent of the Senate.

Assistant Secretaries of the Treasury (10).

Members, United States International Trade Commission (5).

Assistant Secretaries of Education (10).

General Counsel, Department of Education.

Director of Civil Defense, Department of the Army.

Deputy Director of the Office of Emergency Planning.

Deputy Director of the Office of Science and Technology.

Deputy Director of the Peace Corps.

Assistant Directors of the Office of Management and Budget (3).

General Counsel of the Department of Agriculture.

General Counsel of the Department of Commerce.

General Counsel of the Department of Defense.

General Counsel of the Department of Health and Human Services.

Solicitor of the Department of the Interior.

Solicitor of the Department of Labor.

General Counsel of the National Labor Relations Board.

General Counsel of the Department of the Treasury.

First Vice President of the Export-Import Bank of Washington.

Members, Council of Economic Advisers.

Members, Board of Directors of the Export-Import Bank of Washington.

Members, Federal Communications Commission.

Member, Board of Directors of the Federal Deposit Insurance Corporation.

Directors, Federal Housing Finance Board.

Members, Federal Energy Regulatory Commission.

Members, Federal Trade Commission.

Members, Surface Transportation Board.

Members, National Labor Relations Board.

Members, Securities and Exchange Commission.

Members, Merit Systems Protection Board.

Members, Federal Maritime Commission.

Members, National Mediation Board.

Members, Railroad Retirement Board.

Director of Selective Service.

Associate Director of the Federal Bureau of Investigation, Department of Justice.

Members, Equal Employment Opportunity Commission (4).

Director, Community Relations Service.

16

Members, National Transportation Safety Board.

General Counsel, Department of Transportation.

Deputy Administrator, Federal Aviation Administration.

Assistant Secretaries of Transportation (5).

Deputy Federal Highway Administrator.

Administrator of the Saint Lawrence Seaway Development Corporation.

Assistant Secretary for Science, Smithsonian Institution.

Assistant Secretary for History and Art, Smithsonian Institution.

Deputy Administrator of the Small Business Administration.

Assistant Secretaries of Housing and Urban Development (8).

General Counsel of the Department of Housing and Urban Development.

Commissioner of Interama.

Federal Insurance Administrator, Federal Emergency Management Agency.

Executive Vice President, Overseas Private Investment Corporation.

Members, National Credit Union Administration Board (2).

Members, Postal Regulatory Commission (4).

Members, Occupational Safety and Health Review Commission.

Deputy Under Secretaries of the Treasury (or Assistant Secretaries of the Treasury) (2).

Members, Consumer Product Safety Commission (4).

Members, Commodity Futures Trading Commission.

Director of Nuclear Reactor Regulation, Nuclear Regulatory Commission.

Director of Nuclear Material Safety and Safeguards, Nuclear Regulatory Commission.

Director of Nuclear Regulatory Research, Nuclear Regulatory Commission.

Executive Director for Operations, Nuclear Regulatory Commission.

President, Government National Mortgage Association, Department of Housing and Urban Development.

Assistant Secretary of Commerce for Oceans and Atmosphere, the incumbent of which also serves as Deputy Administrator of the National Oceanic and Atmospheric Administration.

Director, Bureau of Prisons, Department of Justice.

Assistant Secretaries of Energy (8).

General Counsel of the Department of Energy.

Administrator, Economic Regulatory Administration, Department of Energy.

Administrator, Energy Information Administration, Department of Energy.

Director, Office of Indian Energy Policy and Programs, Department of Energy.

Director, Office of Science, Department of Energy.

Assistant Secretary of Labor for Mine Safety and Health.

Members, Federal Mine Safety and Health Review Commission.

President, National Consumer Cooperative Bank.

Special Counsel of the Merit Systems Protection Board.

Chairman, Federal Labor Relations Authority.

Assistant Secretaries, Department of Homeland Security.

General Counsel, Department of Homeland Security.

Officer for Civil Rights and Civil Liberties, Department of Homeland Security.

Chief Financial Officer, Department of Homeland Security.

Chief Information Officer, Department of Homeland Security.

Deputy Director, Institute for Scientific and Technological Cooperation.

Director of the National Institute of Justice.

Director of the Bureau of Justice Statistics.

Chief Counsel for Advocacy, Small Business Administration.

Assistant Administrator for Toxic Substances, Environmental Protection Agency.

Assistant Administrator, Office of Solid Waste, Environmental Protection Agency.

Assistant Administrators, Environmental Protection Agency (8).

Director of Operational Test and Evaluation, Department of Defense.

Director of Cost Assessment and Program Evaluation, Department of Defense.

Special Representatives of the President for arms control, nonproliferation, and disarmament matters, Department of State.

Ambassadors at Large.

Assistant Secretary of Commerce and Director General of the United States and Foreign Commercial Service.

Assistant Secretaries, Department of Veterans Affairs (7).

General Counsel, Department of Veterans Affairs.

Commissioner of Food and Drugs, Department of Health and Human Services [1]

Chairman, Board of Veterans' Appeals.

Administrator, Office of Juvenile Justice and Delinquency Prevention.

Director, United States Marshals Service.

Chairman, United States Parole Commission.

Director, Bureau of the Census, Department of Commerce.

Director of the Institute of Museum and Library Services.

Chief Financial Officer, Department of Agriculture.

Chief Financial Officer, Department of Commerce.

Chief Financial Officer, Department of Education.

Chief Financial Officer, Department of Energy.

Chief Financial Officer, Department of Health and Human Services.

Chief Financial Officer, Department of Housing and Urban Development.

Chief Financial Officer, Department of the Interior.

Chief Financial Officer, Department of Justice.

Chief Financial Officer, Department of Labor.

Chief Financial Officer, Department of State.

Chief Financial Officer, Department of Transportation.

Chief Financial Officer, Department of the Treasury.

Chief Financial Officer, Department of Veterans Affairs.

Chief Financial Officer, Environmental Protection Agency.

Chief Financial Officer, National Aeronautics and Space Administration.

Commissioner, Office of Navajo and Hopi Indian Relocation.

Principal Deputy Under Secretary of Defense for Policy.

Principal Deputy Under Secretary of Defense for Personnel and Readiness.

Principal Deputy Under Secretary of Defense (Comptroller).

Principal Deputy Under Secretary of Defense for Intelligence.

General Counsel of the Department of the Army.

General Counsel of the Department of the Navy.

General Counsel of the Department of the Air Force.

Liaison for Community and Junior Colleges, Department of Education.

Director of the Office of Educational Technology.

Director of the International Broadcasting Bureau.

The [2] Commissioner of Labor Statistics, Department of Labor.

Administrator, Rural Utilities Service, Department of Agriculture.

Chief Information Officer, Department of Agriculture.

Chief Information Officer, Department of Commerce.

Chief Information Officer, Department of Defense (unless the official designated as the Chief Information Officer of the Department of Defense is an official listed under section 5312, 5313, or 5314 of this title).

Chief Information Officer, Department of Education.

Chief Information Officer, Department of Energy.

Chief Information Officer, Department of Health and Human Services.

Chief Information Officer, Department of Housing and Urban Development.

Chief Information Officer, Department of the Interior.

Chief Information Officer, Department of Justice.

Chief Information Officer, Department of Labor.

Chief Information Officer, Department of State.

Chief Information Officer, Department of Transportation.

Chief Information Officer, Department of the Treasury.

Chief Information Officer, Department of Veterans Affairs.

Chief Information Officer, Environmental Protection Agency.

Chief Information Officer, National Aeronautics and Space Administration.

Chief Information Officer, Agency for International Development.

Chief Information Officer, Federal Emergency Management Agency.

Chief Information Officer, General Services Administration.

Chief Information Officer, National Science Foundation.

Chief Information Officer, Nuclear Regulatory Agency.

Chief Information Officer, Office of Personnel Management.

Chief Information Officer, Small Business Administration.

Chief Information Officer of the Intelligence Community.

General Counsel of the Central Intelligence Agency.

Principal Deputy Administrator, National Nuclear Security Administration.

Additional Deputy Administrators of the National Nuclear Security Administration (3), but if the Deputy Administrator for Naval Reactors is an officer of the Navy on active duty, (2).

Deputy Under Secretary of Commerce for Intellectual Property and Deputy Director of the United States Patent and Trademark Office.

General Counsel of the Office of the Director of National Intelligence.

Chief Medical Officer, Department of Homeland Security.

## Executive Schedule V (5 U.S.C. § 5316)

Administrator, Bonneville Power Administration, Department of the Interior.

Administrator of the National Capital Transportation Agency.

Associate Administrators of the Small Business Administration (4).

Associate Administrators, National Aeronautics and Space Administration (7).

Associate Deputy Administrator, National Aeronautics and Space Administration.

Deputy Associate Administrator, National Aeronautics and Space Administration.

Archivist of the United States.

Assistant Secretary of Health and Human Services for Administration.

Assistant Attorney General for Administration.

Assistant and Science Adviser to the Secretary of the Interior.

Chairman, Foreign Claims Settlement Commission of the United States, Department of Justice.

Chairman of the Renegotiation Board.

Chairman of the Subversive Activities Control Board.

Chief Counsel for the Internal Revenue Service, Department of the Treasury.

Commissioner, Federal Acquisition Service, General Services Administration.

Director, United States Fish and Wildlife Service, Department of the Interior.

Commissioner of Indian Affairs, Department of the Interior.

Commissioners, Indian Claims Commission (5).

Commissioner, Public Buildings Service, General Services Administration.

Commissioner of Reclamation, Department of the Interior.

Commissioner of Vocational Rehabilitation, Department of Health and Human Services.

Commissioner of Welfare, Department of Health and Human Services.

Director, Bureau of Mines, Department of the Interior.

Director, Geological Survey, Department of the Interior.

Deputy Commissioner of Internal Revenue, Department of the Treasury.

Associate Director of the Federal Mediation and Conciliation Service.

Associate Director for Volunteers, Peace Corps.

Associate Director for Program Development and Operations, Peace Corps.

Assistants to the Director of the Federal Bureau of Investigation, Department of Justice (2).

Assistant Directors, Office of Emergency Planning (3).

Fiscal Assistant Secretary of the Treasury.

General Counsel of the Agency for International Development.

General Counsel of the Nuclear Regulatory Commission.

General Counsel of the National Aeronautics and Space Administration.

Manpower Administrator, Department of Labor.

Members, Renegotiation Board.

Members, Subversive Activities Control Board.

Assistant Administrator of General Services.

Director, United States Travel Service, Department of Commerce.

Assistant Director (Program Planning, Analysis and Research), Office of Economic Opportunity.

Deputy Director, National Security Agency.

Director, Bureau of Land Management, Department of the Interior.

Director, National Park Service, Department of the Interior.

National Export Expansion Coordinator, Department of Commerce.

Staff Director, Commission on Civil Rights.

Assistant Secretary for Administration, Department of Transportation.

Director, United States National Museum, Smithsonian Institution.

Director, Smithsonian Astrophysical Observatory, Smithsonian Institution.

Administrator of the Environmental Science Services Administration.

Associate Directors of the Office of Personnel Management (5).

Assistant Federal Highway Administrator.

Deputy Administrator of the National Highway Traffic Safety Administration.

Deputy Administrator of the Federal Motor Carrier Safety Administration.

Assistant Federal Motor Carrier Safety Administrator.

Director, Bureau of Narcotics and Dangerous Drugs, Department of Justice.

Vice Presidents, Overseas Private Investment Corporation (3).

Deputy Administrator, Federal Transit Administration, Department of Transportation.

General Counsel of the Equal Employment Opportunity Commission.

Executive Director, Advisory Council on Historic Preservation.

Additional Officers, Department of Energy (14).

Additional officers, Nuclear Regulatory Commission (5).

Assistant Administrator for Coastal Zone Management, National Oceanic and Atmospheric Administration.

Assistant Administrator for Fisheries, National Oceanic and Atmospheric Administration.

Assistant Administrators (3), National Oceanic and Atmospheric Administration.

General Counsel, National Oceanic and Atmospheric Administration.

Members, Federal Labor Relations Authority (2) and its General Counsel.

Additional officers, Institute for Scientific and Technological Cooperation (2).

Additional officers, Office of Management and Budget (6).

Chief Scientist, National Oceanic and Atmospheric Administration.

Director, Indian Health Service, Department of Health and Human Services.

Commissioners, United States Parole Commission (8).

Commissioner, Administration on Children, Youth, and Families.

Chairman of the Advisory Council on Historic Preservation.

## ATTACHMENT B

### Intent to influence (5 C.F.R. § 2641.201(e)) and Examples

With the intent to influence- (1) Basic concept. The prohibition applies only to communications or appearances made by a former Government employee with the intent to influence the United States. A communication or appearance is made with the intent to influence when made for the purpose of:

    (i)    Seeking a Government ruling, benefit, approval, or other discretionary Government action;

          or

    (ii)    Affecting Government action in connection with an issue or aspect of a matter which involves an appreciable element of actual or potential dispute or controversy.

          Example 1 to paragraph (e)(1): A former employee of the Administration on Children and Families (ACF) signs a grant application and submits it to ACF on behalf of a nonprofit organization for which she now works. She has made a communication with the intent to influence an employee of the United States because her communication was made for the purpose of seeking a Government benefit.

          Example 2 to paragraph (e)(1): A former Government employee calls an agency official to complain about the auditing methods being used by the agency in connection with an audit of a Government contractor for which the former employee serves as a consultant. The former employee has made a communication with the intent to influence because his call was made for the purpose of seeking Government action in connection with an issue involving an appreciable element of dispute.

(2) Intent to influence not present. Certain communications to and appearances before employees of the United States are not made with the intent to influence, within the meaning of paragraph (e)(1) of this section, including, but not limited to, communications and appearances made solely for the purpose of:

    (i)    Making a routine request not involving a potential controversy, such as a request for publicly available documents or an inquiry as to the status of a matter;

    (ii)    Making factual statements or asking factual questions in a context that involves neither an appreciable element of dispute nor an effort to seek discretionary Government action, such as conveying factual information regarding matters that are not potentially controversial during the regular course of performing a contract;

    (iii)    Signing and filing the tax return of another person as preparer;

    (iv)    Signing an assurance that one will be responsible as principal investigator for the direction and conduct of research under a Federal grant (see example 4 to paragraph (d) of this section);

(v)     Filing a Securities and Exchange Commission (SEC) Form 10-K or similar disclosure forms required by the SEC;

(vi)    Making a communication, at the initiation of the Government, concerning work performed or to be performed under a Government contract or grant, during a routine Government site visit to premises owned or occupied by a person other than the United States where the work is performed or would be performed, in the ordinary course of evaluation, administration, or performance of an actual or proposed contract or grant; or

(vii)   Purely social contacts (see example 4 to paragraph (t) of this section).

Example 1 to paragraph (e)(2): A former Government employee calls an agency to ask for the date of a scheduled public hearing on her client's license application. This is a routine request not involving a potential controversy and is not made with the intent to influence.

Example 2 to paragraph (e)(2): In the previous example, the agency's hearing calendar is quite full, as the agency has a significant backlog of license applications. The former employee calls a former colleague at the agency to ask if the hearing date for her client could be moved up on the schedule, so that her client can move forward with its business plans more quickly. This is a communication made with the intent to influence.

Example 3 to paragraph (e)(2): A former employee of the Department of Defense (DOD) now works for a firm that has a DOD contract to produce an operator's manual for a radar device used by DOD. In the course of developing a chapter about certain technical features of the device, the former employee asks a DOD official certain factual questions about the device and its properties. The discussion does not concern any matter that is known to involve a potential controversy between the agency and the contractor. The former employee has not made a communication with the intent to influence.

Example 4 to paragraph (e)(2): A former medical officer of the Food and Drug Administration (FDA) sends a letter to the agency in which he sets out certain data from safety and efficacy tests on a new drug for which his employer, ABC Drug Co., is seeking FDA approval. Even if the letter is confined to arguably "factual" matters, such as synopses of data from clinical trials, the communication is made for the purpose of obtaining a discretionary Government action, i. e., approval of a new drug. Therefore, this is a communication made with the intent to influence.

Example 5 to paragraph (e)(2): A former Government employee now works for a management consulting firm, which has a Government contract to produce a study on the efficiency of certain agency operations. Among other things, the contract calls for the contractor to develop a range of alternative options for potential restructuring of

certain internal Government procedures. The former employee would like to meet with agency representatives to present a tentative list of options developed by the contractor. She may not do so. There is a potential for controversy between the Government and the contractor concerning the extent and adequacy of any options presented, and, moreover, the contractor may have its own interest in emphasizing certain options as opposed to others because some options may be more difficult and expensive for the contractor to develop fully than others.

Example 6 to paragraph (e)(2): A former employee of the Internal Revenue Service (IRS) prepares his client's tax return, signs it as preparer, and mails it to the IRS. He has not made a communication with the intent to influence. In the event that any controversy should arise concerning the return, the former employee may not represent the client in the proceeding, although he may answer direct factual questions about the records he used to compile figures for the return, provided that he does not argue any theories or positions to justify the use of one figure rather than another.

Example 7 to paragraph (e)(2): An agency official visits the premises of a prospective contractor to evaluate the testing procedure being proposed by the contractor for a research contract on which it has bid. A former employee of the agency, now employed by the contractor, is the person most familiar with the technical aspects of the proposed testing procedure. The agency official asks the former employee about certain technical features of the equipment used in connection with the testing procedure. The former employee may provide factual information that is responsive to the questions posed by the agency official, as such information is requested by the Government under circumstances for its convenience in reviewing the bid. However, the former employee may not argue for the appropriateness of the proposed testing procedure or otherwise advocate any position on behalf of the contractor.