IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN R. BOLTON, <br><br> Defendant. | Civil Action No. 20-1580-RCL |

**MOTION FOR ACCESS TO CLASSIFIED HEARING AND MATERIALS**

Defendant John R. Bolton respectfully moves this Court to grant him and his counsel, Charles J. Cooper and Michael W. Kirk, access to the classified declarations filed by the Government, *see* Doc. 4, and to permit Mr. Bolton and his counsel to participate in any classified hearings this Court holds. At today's hearing on the Government's motion for a temporary restraining order and preliminary injunction, the Court asked counsel for the United States why Defendant's counsel could not be granted access to any hearing on the classified information submitted by the Government. Counsel for the United States responded that it is the Government's policy not to allow those without a "need to know" to see classified materials, and Ambassador Bolton's counsel did not "need to know."

This answer makes no sense in the context of this case. Ambassador Bolton *already knows* the information in his book and the Government sent him a copy with its newly proposed redactions on June 16, and Mr. Cooper and Mr. Kirk were both previously granted clearance by the Government to access the classified information described in the book relating to Ukraine as part of their representation of Ambassador Bolton during the recent impeachment proceedings. It also flies in the face of basic First Amendment and Due Process protections. The Government is asking this Court to grant a prior restraint—the most disfavored remedy in American law—against

1

Ambassador Bolton *without even allowing him to see* the evidence on which the Government relies. While this procedure would be constitutionally questionable even in a non-prior-restraint situation, the Supreme Court has squarely held that there is "no place" for *ex parte* procedures in the issuance of a prior restraint. *Carroll v. President & Comm'rs of Princess Anne*, 393 U.S. 175, 180 (1968). And while it is true that the D.C. Circuit has permitted *ex parte* review of classified information in other prepublication-review cases, it has also said that, where a district court cannot "resolve the classification issue without the assistance of plaintiff's counsel," it "should consider whether its need for such assistance outweighs the concomitant intrusion upon the Government's interest in national security." *Stillman v. CIA*, 319 F.3d 546, 549 (D.C. Cir. 2003). In any event, those cases did not involve prior restraints, which the D.C. Circuit has made clear present a very different question under the First Amendment. *See McGehee v. Casey*, 718 F.2d 1137, 1147 n.22 (D.C. Cir. 1983).

Indeed, even in *McGehee*, which did not involve a request by the Government for a prior restraint, the D.C. Circuit stated that "[c]ourts should therefore strive to benefit from criticism and illumination by [the] party with the actual interest in forcing disclosure," and it specifically approved of the District Court's order allowing the author's attorney access to classified information submitted by the Government. 718 F.2d at 1149. *See* Order, *McGehee v. Casey*, No. 81-0734 (Apr. 8, 1981), Doc. 8 (attached as Exhibit A). This Court should therefore follow the same procedure approved in *McGehee* and grant Ambassador Bolton—who already "know[s] the nature of the information in question," *McGehee*, 718 F.2d at 1149—and his attorneys access to the Government's classified declarations and to any classified hearing held by the Court.

| | |
|---|---|
| June 19, 2020 | Respectfully submitted, |

<div style="margin-left: 50%;">

/s/ Charles J. Cooper
Charles J. Cooper, Bar No. 248070
Michael W. Kirk, Bar No. 424648

COOPER & KIRK, PLLC
1523 New Hampshire Avenue, NW
Washington, DC  20036
Telephone: (202) 220-9600
Facsimile: (202) 220-9601
Email: ccooper@cooperkirk.com

*Counsel for Defendant John R. Bolton*

</div>