EXHIBIT A

Reproduced at the National Archives

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RALPH W. McGEHEE        )
and THE NATION,         )
                        )
          Plaintiffs,   )
                        )
     v.                 )     Civil Action No. 81-0734
                        )
WILLIAM CASEY, Director )
of Central Intelligence,)              FILED
                        )
          Defendant.    )            APR  8 1981
_____)

                PROTECTIVE ORDER        JAMES F. DAVEY, Clerk

     Upon the stipulation of the parties for a Protective Order

permitting the filing, in camera and under seal, of affidavits and

other documents filed by defendant or plaintiffs which contain or

refer to classified information protected from public disclosure

pursuant to Executive Order 12065,

     It is hereby ORDERED that:

     (1) Said affidavits and documents shall be filed in camera;

     (2) Said affidavits and documents shall remain under the seal

and control of this Court.  Physical custody of the original

affidavits and documents placed in the Court's file shall be

maintained in a safe provided by the defendant in the office of

the Clerk of the District Court.  Physical custody of copies of

such affidavits and documents as are filed in camera under seal

shall be maintained at the Department of Justice or the Central

Intelligence Agency in secure containers provided by the

defendant;

     (3) Plaintiffs' attorney, Mark H. Lynch, shall have access to

said affidavits and documents under the conditions set forth

herein;

     (4) Mr. Lynch shall be permitted reasonable access to said

affidavits and documents either at the Department of Justice or

the Offices of the Central Intelligence Agency.  At the Offices of

the Central Intelligence Agency he will be provided working space

and secretarial services.  Any notes or other materials prepared

by him which contain, or are based upon, or refer to information

Reproduced at the National Archives

in the affidavits or documents under seal shall remain in the control of the Court and shall not be removed from the Central Intelligence Agency's offices.  They shall be maintained in the same fashion as said affidavits or documents.  No copies of said affidavits or documents, or any other materials containing information based upon said affidavits or documents, shall be removed from the Central Intelligence Agency's offices or the Department of Justice, except that documents may be transmitted directly to the Court for filing;

(5) At the conclusion of these proceedings, said affidavits and documents filed with the Court shall be returned to the defendant, and all other papers, notes, and other materials prepared by Mr. Lynch containing secret or classified information shall either be destroyed at the CIA or sealed by the Court;

(6) Mr. Lynch shall not, without the permission of the Court or the defendant, disclose to anyone other than the Court any classified information gained during or as a result of the administrative or judicial proceedings regarding Mr. McGehee's manuscript.  The provisions of this paragraph shall continue to apply, notwithstanding the termination of the instant proceedings, so long as the information in said affidavits and documents subject to this Protective Order remain under seal or classified.

(7) With respect to documents to be submitted by the plaintiff McGehee or Mr. Lynch which they have any reason to believe the defendant would claim reveal classified information prior to the public filing or dissemination of the documents, Mr. McGehee and Mr. Lynch will serve the defendant with copies and give the defendant a reasonable opportunity to object to the public filing of the documents or any other part thereof.  Such documents may be filed in camera under seal at any time.  Should there be a dispute as to the appropriateness of the public filing, the issue will be resolved before the Court at the earliest convenient opportunity.

(8) Any secretary assigned to assist Mr. Lynch in compliance with paragraph (4) of this Order shall not disclose to any

- 2 -

Reproduced at the National Archives

individual any information relating to the papers prepared for Mr. Lynch unless specifically authorized by Mr. Lynch or the Court. Mr. Lynch's notes and other materials shall not be read or inspected by any government employee (except the assigned secretary) unless specifically authorized by Mr. Lynch or such inspection is necessary to comply with the terms of this Order.

(9) The defendant has agreed to permit Mr. Lynch access to documents filed in camera or information tendered by defendant and placed under seal except for matters under paragraph 10. Any documents filed by plaintiffs in camera or information tendered by plaintiffs and placed under seal shall not be disclosed to any individual unless specifically authorized by the Court or the defendant through his authorized representative.

(10) If the defendant wishes to file an ex parte in camera affidavit or other material, he shall first move for the Court's permission to do so and plaintiffs shall be given an opportunity to oppose such motion. If such motion is granted, all the provisions of this Order shall apply to such affidavit or material except paragraph 3.

(11) Nothing in this Order shall be construed as altering or amending Mr. McGehee's obligations under his secrecy agreements with the CIA.

Signed this ___ day of April, 1981, at Washington, D. C.

_____
UNITED STATES DISTRICT JUDGE

– 3 –

Reproduced at the National Archives

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Stipulation was served by hand delivery on April _8_, 1981 to Mark H. Lynch, Esquire, 122 Maryland Avenue, N.E., Washington, D. C. 20002.

_Robert G Damus_
ROBERT G. DAMUS