## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN R. BOLTON,

Defendant.

Civil Action No. 20-1580-RCL

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

COMES NOW Defendant John R. Bolton, through counsel, and for his Answer to the allegations set forth in Plaintiff the United States of America's Amended Complaint responds as follows:

### INTRODUCTION

1.     The allegations in the first sentence of Paragraph 1 set forth Plaintiff's characterization of its claims in this action and do not require a response. Defendant admits the allegations in the second sentence. In response to the allegations in the third sentence, Defendant admits that he arranged to draft and publish a memoir after leaving government service and that, pursuant to that arrangement, he drafted a 500-plus page manuscript for public release, but he denies the remaining allegations in the sentence. In response to the allegations in the fourth sentence, Defendant states that Plaintiff's characterization of the obligations imposed by the form non-disclosure agreements Defendant signed requires no response, admits that he submitted his manuscript to the National Security Council ("NSC") for review, and further admits that the authorized Government official in charge of the review process, Ms. Ellen Knight, identified passages that she believed contained classified information, which Defendant removed or edited to her satisfaction. Defendant admits the allegations in the fifth sentence, except that  the statement

1

that the review process was "required by the binding agreements [Defendant] signed" sets forth Plaintiff's legal position and requires no response.[1] Defendant denies the allegations in the sixth sentence. Defendant denies the allegations, and Plaintiff's characterization of them, set forth in the seventh sentence. Defendant admits the allegations in the eighth sentence, except for the assertion that the pre-publication review process had not been completed, which sets forth Plaintiff's legal position and requires no response. Defendant admits the allegations in the ninth sentence, except to the extent it incorporates the assertion of Plaintiff's legal position set forth in the eighth sentence. The tenth sentence sets forth Plaintiff's legal position and its characterization of its claims in this action and requires no response. Any remaining allegations in Paragraph 1 are denied.

2.      The allegations in Paragraph 2 set forth Plaintiff's legal position, its characterization of its claims in this action, and its description of the relief it seeks, all of which requires no response.

## JURISDICTION AND VENUE

3.      The allegations in Paragraph 3 set forth Plaintiff's legal position, which requires no response.

4.      In response to the allegations set forth in Paragraph 4, Defendant admits that the District of Columbia is the judicial district in which the White House and National Security Council are located and in which he signed some of the agreements and forms at issue in this litigation. Defendant lacks information sufficient to determine the truth of the allegation that the District of Columbia is the exclusive location in which the NSC performs prepublication reviews. The remainder of Paragraph 4 sets forth Plaintiff's legal position, which requires no response.

---

[1] Defendant reiterates his position that the legal conclusions asserted throughout the Amended Complaint all lack merit for the reasons articulated in Defendant's briefing in support of his motions to dismiss.

## PARTIES

5.      Defendant admits the allegation in Paragraph 5.

6.      Defendant admits the allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

7.      Defendant admits the allegations in the body of Paragraph 7. In response to the allegation set forth in footnote 1 to Paragraph 7, Defendant states that the definition of SCI contained in Paragraph 1 of Form 4414, Doc. 1-1, speaks for itself.

8.      Defendant admits the factual allegations in Paragraph 8. Defendant states that the cited memorandum and statutory provisions speak for themselves.

9.      Defendant admits the allegations in Paragraph 9.

10.      In response to the first sentence of Paragraph 10, Defendant states that SF 312 is the best evidence of its terms and conditions and speaks for itself. Defendant admits the allegations in the second sentence of Paragraph 10. The third sentence sets forth Plaintiff's legal position, which requires no response, and Defendant states that the cited statutory provision speaks for itself. Defendant admits the allegations in the fourth and fifth sentences.

11.      Defendant denies the allegations in the first sentence of Paragraph 11. Defendant admits the allegations in second sentence of Paragraph 11.

12.      Defendant admits the allegations in the first sentence of Paragraph 12. In response to the second sentence of Paragraph 12, Defendant states that the NDAs are the best evidence of their terms and conditions and speak for themselves.

13.      In response to the allegations in Paragraph 13, Defendant states that the referenced contractual provisions speak for themselves.

14.      In response to the allegations in Paragraph 14, Defendant states that the referenced contractual and other provisions speak for themselves.

15.      In response to the allegations in Paragraph 15, Defendant states that the referenced contractual provisions speak for themselves.

16.      In response to the allegations in Paragraph 16, Defendant states that the referenced contractual provisions speak for themselves.

17.      In response to the allegations in Paragraph 17, Defendant states that the referenced contractual provisions speak for themselves.

18.      In response to the allegations in Paragraph 18, Defendant states that the referenced contractual provisions speak for themselves.

19.      In response to the allegations in Paragraph 19, Defendant states that the referenced contractual provisions speak for themselves.

20.      In response to the allegations in Paragraph 20, Defendant states that the referenced contractual provisions speak for themselves.

21.      Defendant admits the allegations in the first sentence of Paragraph 21. Defendant lacks knowledge sufficient to admit or deny the allegation in the second sentence, and to the extent that the second sentence of Paragraph 21 sets forth Plaintiff's legal position, it requires no response. In response to the allegation in the third sentence, Defendant admits that a true and correct redacted copy of the referenced memorandum was attached to the original complaint as Exhibit B, and states that the referenced Memorandum speaks for itself. Defendant admits the allegations in the fourth and fifth sentences.

22.     In response to the allegations in Paragraph 22, Defendant admits that a true and correct redacted copy of the referenced letter was attached to the original complaint as Exhibit C, and states that the referenced letter speaks for itself.

23.     Defendant admits the allegations in Paragraph 23.

24.     Defendant admits the allegation in the first sentence of Paragraph 24. In response to the allegations in the second sentence, Defendant admits that he did not receive "written authorization" to publish his book, and states that the assertion that such written authorization was "required by the NDAs" sets forth Plaintiff's legal position and requires no response. Defendant denies the allegations in the third and fourth sentences.

25.     The allegations in the first sentence of Paragraph 25 set forth Plaintiff's legal position and require no response. Defendant admits the allegations in the second sentence of Paragraph 25.

26.     Defendant admits the allegations in the first and second sentences of Paragraph 26. In response to the allegations in the third sentence of Paragraph 26, Defendant states that he lacks sufficient information to admit or deny the allegations.

27.     Defendant states that he lacks information sufficient to admit or deny the allegations in Paragraph 27.

28.     Defendant admits the allegations in Paragraph 28.

29.     In response to the allegations in Paragraph 29, Defendant states that the assertion in the first sentence sets forth Plaintiff's legal position and requires no response. Plaintiff admits the allegations in the second sentence.

30.     Defendant admits the allegations in Paragraph 30.

31.     Defendant admits the allegation in the first sentence of Paragraph 31. In response to the allegations in the second sentence, Defendant admits that his lawyer informed Ms. Knight that Defendant wished to submit his manuscript for review out of an abundance of caution but denies that his lawyer stated that such review was required by compliance with the non-disclosure agreements signed by Defendant. In response to the third and fourth sentences, Defendant admits that the manuscript was submitted by hand delivery on December 30, 2019, and admits that his lawyer simultaneously submitted the referenced letter, which speaks for itself. Defendant further states that Plaintiff's characterization of the letter's legal conclusions as "erroneous" sets forth Plaintiff's legal position and does not require a response. Defendant admits the allegation in the fifth sentence. Defendant lacks knowledge sufficient to admit or deny the allegation in the sixth sentence.

32.     Defendant admits the allegations in Paragraph 32, but further states that Paragraph 32 omits other material elements of the January 6, 2020 telephone conversation.

33.     In response to the allegations in Paragraph 33, Defendant states that the referenced letter speaks for itself.

34.     Defendant admits the allegations in Paragraph 34.

35.     In response to the allegations in Paragraph 35, Defendant admits that a true and correct copy of the referenced article was attached to the original complaint as Exhibit F, and states that the referenced article speaks for itself.

36.     In response to the allegations in Paragraph 36, Defendant admits that the referenced article was discussed in other press outlets including major television networks, was referenced by members of Congress, and was circulated online.  Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 36.

37.     In response to the allegations in Paragraph 37, Defendant admits that a true and correct copy of the referenced article was attached to the original complaint as Exhibit G, states that the referenced article speaks for itself, and denies any allegation that he or anyone authorized by him was the source of the apparent leak of the draft manuscript to the *Washington Post*.

38.     In response to the allegations in Paragraph 38, Defendant states that the referenced articles speak for themselves, and denies any allegation that he or anyone authorized by him was the source of the apparent leaks of the manuscript to the press.

39.     Defendant admits the allegations in the first sentence of Paragraph 39. In response to the allegations in the second sentence, Plaintiff admits that Ms. Knight agreed to prioritize review of the chapter of the manuscript dealing with Ukraine and further admits that Ms. Knight conveyed in writing her view that the chapter contained classified information. Defendant denies the remaining allegations in Paragraph 39.

40.     In response to the first, second, and third sentences of Paragraph 40, Defendant admits that a true and correct copy of the referenced letter was attached to the original complaint as Exhibit H, and states that the referenced letter speaks for itself. Defendant admits the allegations in the fourth sentence.

41.     Defendant admits the allegations in the first, second, and third sentences of Paragraph 41. In response to the fourth sentence, Defendant admits that a true and correct copy of the referenced letter was attached to the original complaint as Exhibit I, and states that the referenced letter speaks for itself. Defendant admits the allegations in the fifth, sixth, and seventh sentences.

42.     Defendant admits the allegations in Paragraph 42, but further states that Paragraph 42 omits other material elements of Defendant's interactions with Ms. Knight during the referenced period.

43.     Defendant admits the allegation in the first sentence of Paragraph 43. In response to the allegations in the second, third, and fourth sentences, Defendant admits that a true and correct copy of the referenced article was attached to the original complaint as Exhibit J, and states that the referenced article speaks for itself.

44.     In response to the allegations in the first, second, third, and fourth sentences of Paragraph 44, Defendant states that the referenced email speaks for itself. Defendant admits the allegation in the fifth sentence.

45.     Defendant admits the allegations in Paragraph 45, but further states that Paragraph 45 omits other material elements of Defendant's interactions with Ms. Knight during the referenced period.

46.     Defendant admits the allegations in the first sentence of Paragraph 46. Defendant lacks information sufficient to admit or deny the allegation in the second sentence.

47.     Defendant admits the allegations in the first sentence of Paragraph 47. In response to the allegations in the second sentence, Defendant admits that he again inquired about the status of the customary, pro-forma clearance letter on April 29, 2020, and that Ms. Knight responded that she did not have any new information but that if there was an update she would reach out.

48.     In response to the allegations in Paragraph 48, Defendant admits that a true and correct copy of the referenced article was attached to the original complaint as Exhibit L, and states that the referenced article speaks for itself.

49.     Defendant admits the allegations in the first sentence of Paragraph 49. In response to the allegations in the second and third sentences, Defendant admits that a true and correct copy of the referenced email was attached to the original complaint as Exhibit M, and states that the referenced email speaks for itself.

50.     Defendant admits the allegations in the first and second sentences of Paragraph 50. In response to the third sentence, Defendant admits that he delivered the book to his publisher and confirmed to the NSC through counsel that it would be published on June 23, 2020, but denies the remaining allegations in the sentence.

51.     In response to the allegation in the first sentence of Paragraph 51, Defendant denies that any legitimate aspect of the prepublication review process was ongoing after April 27, 2020. Defendant lacks information sufficient to admit or deny the allegations in the remaining sentences of Paragraph 51, except that Defendant denies that Mr. Ellis was trained on conducting prepublication review and further denies that the draft of his manuscript contained any classified information or sensitive information about ongoing foreign policy issues.

52.     Defendant admits the allegations in the first sentence of Paragraph 52, and Defendant further states that the Senior Director for Intelligence Programs receives intelligence reports and analysis produced in connection with the programs overseen by the Intelligence Directorate, which most members of the NSC staff do not receive, just as the Senior Directors of the other Directorates of the NSC (e.g., Defense, Counter Terrorism, regional Directorates) receive intelligence reports and analysis produced in connection with the programs and issues overseen by their respective Directorates, which most members of the NSC staff, including Mr. Ellis, do not receive. Defendant admits the allegations in the second sentence of Paragraph 52, and Defendant further states that the Senior Directors of the other Directorates of the NSC likewise routinely

attend senior level meetings related to national security and foreign policy decisions concerning programs overseen by their respective Directorates, including meetings of the Principals Committee and Deputies Committee convened under NSPM-4; convene Policy Coordination Committee meetings on activities related to national security and foreign policy decisions within their respective mandates; and provide advice to the Assistant to the President for National Security Affairs and other senior White House officials on such national security and foreign policy decisions. Defendant admits the allegations in the third sentence of Paragraph 52, and Defendant further states that the Senior Directors of the other Directorates of the NSC likewise are in a position to know intelligence information and internal foreign policy deliberations and developments concerning programs within their respective Directorates that others of the NSC staff, including Mr. Ellis, do not know. Defendant denies the allegations in the fourth sentence.

53.     In response to the allegations in Paragraph 53, Defendant states that he lacks information sufficient to admit or deny the allegation that Mr. Ellis was still reviewing the manuscript on June 7, 2020, denies that Mr. Ellis's review was a legitimate aspect of the prepublication review process, denies that Mr. Ellis found any properly classified information in the manuscript, denies that any legitimate aspect of the prepublication review process was ongoing as of June 7, and denies that he had received any written confirmation that the prepublication review process was ongoing as of June 7. Defendant admits that a true and correct copy of the referenced article was attached to the original complaint as Exhibit N and states that the referenced article speaks for itself.

54.     In response to the allegations in Paragraph 54, Defendant denies that Mr. Ellis's review was a legitimate aspect of the prepublication review process and further denies that Mr. Ellis found any properly classified information in the manuscript. Defendant admits that a true and

correct copy of the referenced letter was attached to the original complaint as Exhibit O and states that the referenced letter speaks for itself.

55.     In response to the allegations in Paragraph 55, Defendant admits that a true and correct copy of the referenced letter was attached to the original complaint as Exhibit P and states that the referenced letter speaks for itself.

56.     In response to the allegations in Paragraph 56, Defendant admits that a true and correct copy of the referenced letter was attached to the original complaint as Exhibit Q and states that the referenced letter speaks for itself.

57.     In response to the allegations in the first sentence of Paragraph 57, Defendant admits that Mr. Ellis sent to Defendant a redacted copy of the manuscript on June 16, 2020, but denies that Mr. Ellis's review was a legitimate aspect of the prepublication review process and further denies that Mr. Ellis's redactions identified any actual disclosure of classified information. In response to the allegations in the second sentence, Defendant admits that Mr. Ellis's June 16, 2020, letter contains the quoted passage and further states that the quotation's characterization of Defendant's obligations under his nondisclosure agreements and applicable law sets forth Plaintiff's legal position and does not require a response. Defendant further states that the referenced letter speaks for itself.

58.     In response to the allegations in Paragraph 58, Defendant states that the assertion that his book is covered by the relevant NDAs is a statement of Plaintiff's legal position and does not require a response. Defendant denies the factual allegations in Paragraph 58.

59.     Defendant denies the allegations in the first, second, and third sentences of Paragraph 59. In response to the fourth sentence, Defendant states that the assertion that further review and written authorization were required by the relevant contracts is a statement of Plaintiff's

legal position and does not require a response, and he denies the remaining allegations in this sentence.

60.    Defendant denies the allegation in Paragraph 60 that his book contains legitimately classified information. The remaining allegations of Paragraph 60 state Plaintiff's legal position and do not require a response.

61.    In response to the allegations in Paragraph 61, Defendant states that the referenced May 7, 2020 email speaks for itself.

62.    Defendant admits the allegations in Paragraph 62, except that Defendant further states that the assertion that "prior written authorization" was "legally-required" states Plaintiff's legal position and does not require a response.

63.    Defendant lacks information sufficient to admit or deny the allegation in the first sentence of Paragraph 63. In response to the allegations in the second and third sentences, Defendant states that the referenced June 8, 2020 letter speaks for itself.

64.    In response to the allegations in Paragraph 64, Defendant states that the referenced June 10, 2020, letter speaks for itself.

65.    Paragraph 65 sets forth Plaintiff's legal position and does not require a response.

66.    Paragraph 66 sets forth Plaintiff's legal position and does not require a response.

67.    Defendant admits that he and his publisher twice previously agreed to change the release date of his book but denies the remaining allegations in Paragraph 67.

## CLAIMS FOR RELIEF

### Count One: Breach of Contract and Fiduciary Duty; Violation of Prepublication Review Requirement

68.    All of Defendant's responses in the preceding paragraphs are incorporated by reference, as if fully set forth herein.

69.     Paragraph 69 sets forth Plaintiff's legal position and does not require a response.

70.     Paragraph 70 sets forth Plaintiff's legal position and does not require a response.

71.     The first sentence of Paragraph 71 sets forth Plaintiff's legal position and does not require a response. Defendant admits the allegations in the second sentence.

72.     Paragraph 72 sets forth Plaintiff's legal position and does not require a response.

73.     Paragraph 73 sets forth Plaintiff's legal position and does not require a response.

74.     Paragraph 74 principally sets forth Plaintiff's legal position, which does not require a response. Defendant denies the factual allegations in Paragraph 74.

75.     In response to the allegations in Paragraph 75, Defendant states that the assertions that he has breached any contractual or fiduciary duties, that any legitimate aspect of the prepublication review process was ongoing after April 27, and that Plaintiff is entitled to specific performance, set forth Plaintiff's legal position and do not require a response. Defendant denies the factual allegations in Paragraph 75.

76.     In response to the allegations in Paragraph 76, Defendant states that the assertion that he has breached any contractual or fiduciary duties sets forth Plaintiff's legal position and does not require a response. Defendant denies the factual allegations in Paragraph 76.

**Count Two: Breach of Contract and Fiduciary Duty; Violation of Duty Not to Disseminate Classified Information**

77.     All of Defendant's responses in the preceding paragraphs are incorporated by reference, as if fully set forth herein.

78.     In response to the allegations in Paragraph 78, Defendant states that the referenced contractual provisions speak for themselves.

79.     In response to the allegations in Paragraph 79, Defendant admits that he did not receive written authorization from the United States to publish his book, but he denies that his

manuscript contained classified information and/or that he knowingly disclosed classified information to any person not authorized to receive it at any time. Defendant further denies that his prepublication review was "never-completed."

80.     In response to the allegations in Paragraph 80, Defendant states that the assertion that any harm suffered by Plaintiff is irreparable and irremediable at law sets forth Plaintiff's legal position and does not require a response. Defendant denies the factual allegations in Paragraph 80.

**Count Three: Breach of Contract and Fiduciary Duty; Unjust Enrichment; Constructive Trust**

81.     All of Defendant's responses in the preceding paragraphs are incorporated by reference, as if fully set forth herein.

82.     In response to the allegations in Paragraph 82, Defendant states that the assertion that Defendant violated the relevant NDAs sets forth Plaintiff's legal position and does not require a response. Defendant denies the factual allegations in Paragraph 82.

83.     Defendant denies the allegations in Paragraph 83.

84.     Defendant denies the allegations in Paragraph 84.

85.     Defendant denies the allegations in Paragraph 85.

86.     In response to the allegations in Paragraph 86, Defendant states that the referenced contractual provisions speak for themselves.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

87.     Plaintiff's Amended Complaint fails to state a valid claim for relief.

### Second Affirmative Defense

88.     Plaintiff's request for injunctive and other relief preventing the publication of Defendant's book is moot.

### Third Affirmative Defense

89.     Count Three of Plaintiff's Amended Complaint fails to state a claim because Plaintiff and Defendant reduced to writing in the NDAs their duties and obligations related to the disclosure of classified information.

### Fourth Affirmative Defense

90.     All of Plaintiff's claims fail because of Plaintiff's own prior material breaches of the parties' contracts.

### Fifth Affirmative Defense

91.     All of Plaintiff's claims are barred by Plaintiff's breach of its duty of good faith and fair dealing.

### Sixth Affirmative Defense

92.     All of Plaintiff's claims are barred by failure to satisfy a condition precedent.

### Seventh Affirmative Defense

93.     All of Plaintiff's claims are barred by the First Amendment to the United States Constitution.

### Eighth Affirmative Defense

94.     All of Plaintiff's claims are barred by the Due Process Clause in the Fifth Amendment to the United States Constitution.

### Ninth Affirmative Defense

95.     All of Plaintiff's claims are barred by the doctrines of estoppel, waiver, release, fraud, and/or unclean hands.

### Tenth Affirmative Defense

96.     Plaintiff's requested remedy is not authorized by the NDAs and is barred in whole or in part by offset, credit, setoff, or recoupment.

### Eleventh Affirmative Defense

97.     Plaintiff cannot obtain judgment against Defendant without disclosing to him the factual material necessary to support its claims and to allow him to adequately defend against them.

### JURY DEMAND

98.     Defendant respectfully demands a jury for all issues triable to a jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendant respectfully requests that the Court dismiss Plaintiff's claims with prejudice, deny Plaintiff's Prayer for Relief, order Plaintiffs to pay Defendant's costs and attorneys' fees, and grant any and all other relief deemed just and proper.

October 15, 2020                                                  Respectfully submitted,

                                                              /s/ Charles J. Cooper
                                                              Charles J. Cooper, Bar No. 248070
                                                              Michael W. Kirk, Bar No. 424648
                                                              John D. Ohlendorf, Bar No. 1024544

                                                              COOPER & KIRK, PLLC
                                                              1523 New Hampshire Avenue, NW
                                                              Washington, DC  20036
                                                              Telephone: (202) 220-9600
                                                              Facsimile: (202) 220-9601
                                                              Email: ccooper@cooperkirk.com

                                                              *Counsel for Defendant John R. Bolton*